Monell, J.
The priority of the contesting creditors cannot be determined upon this motion; a motion for some other relief, or possibly an action for such purpose, may be necessary. Should the money due from the defendant come into the sheriff’s hands, he will hold it under one or both of the attachments, upon which the question will properly come up, whether Corning & Co.’s attachment and execution, or the receivership under the Consinery & Craig judgment, will have the preference. The sheriff, for his own protection, could interplead the creditors or apply to the court for instructions, or the latter could probably themselves become the actors and have the question determined by motion or action. The 122d section of the Code is wholly inapplicable to this case.
It would not be proper to bring the creditors into this action as defendants, as that would leave the defendant still a party, and postpone the payment by him of an admitted sum, until the determination of a controversy between his co-defendants, which might continue for many years.
The only course for the defendant, therefore, if he wishes to avoid farther litigation, is to allow the action to go to judgment, and then to pay the judgment, leaving the creditors to litigate as they may be advised, for the fund.
I am satisfied that the attaching creditors ought not to be made parties to the action, and cannot be substituted for the present defendant. And I cannot see any difficulty, on payment to the sheriff of the amount due from the defendant, in settling the rights of such creditors, by motion or otherwise.
The motion must be denied. (a)

Affirmed at general term, on appeal, December 7, 1867,